UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Johnathan Furzland and Executive N.P. – At Home Medical Care P.L.L.C., *d/b/a* Executive N.P. Pain Solutions,<br><br> Plaintiffs,<br><br>v.<br><br>Tabor Baumli,<br><br> Defendant and Third-Party Plaintiff,<br>v.<br><br>Hy-Vee, Inc.,<br><br> Third-Party Defendant. | File No. 22-cv-1131 (ECT/EW)<br><br><br>**OPINION AND ORDER** |

Steven R. Little, SRL Law, PLLC, St. Paul, MN, for Plaintiffs Johnathan Furzland and Executive N.P. – At Home Medical Care P.L.L.C., *d/b/a* Executive N.P. Pain Solutions.

Josh Jacobson, Law office of Josh Jacobson, P.A., Minneapolis, MN, for Defendant and Third-Party Plaintiff Tabor Baumli.

Jeffrey J. Lindquist, Gries Lenhardt Allen, St. Michael, MN, for Third-Party Defendant Hy-Vee, Inc.

   In this case removed from Hennepin County District Court, a dispositive-motion hearing is scheduled for August 8. In preparing for that hearing, a question was identified *sua sponte* regarding the presence of subject-matter jurisdiction.

   Plaintiffs assert no federally-created claims—just tort claims under Minnesota common law. Plaintiffs do, however, identify a federal statutory violation in their

Complaint and seek preliminary injunctive relief on the ground (among others) that Defendant violated a federal statute. Defendant removed the case contending that the presence of this federal issue means the case raises a substantial federal question sufficient to trigger subject-matter jurisdiction under 28 U.S.C. § 1331.

It does not. The short story is that this case does not fall within that "special and small category" of cases where federal-question jurisdiction is present over state-created claims that implicate a federal issue. *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699 (2006)).

I

Plaintiff Jonathan Furzland is the President and owner of his co-Plaintiff, Executive N.P. – At Home Medical Care P.L.L.C. ("the Clinic"). Compl. [ECF No. 1-1 at 2–9] ¶ 1. In their Complaint, Furzland and the Clinic assert three tort claims under Minnesota law against Defendant Tabor Baumli, a pharmacist who works at a Hy-Vee grocery store in Brooklyn Park, Minnesota. *Id.* ¶¶ 2, 14–32. It's more complicated than this, but Plaintiffs allege essentially that: (1) Baumli refused to fill opioid medication prescriptions for the Clinic's patients because he asserted falsely that Furzland was not following applicable prescription guidelines; (2) Baumli made false statements to other pharmacies regarding Furzland and the Clinic's patients; (3) Baumli encouraged other pharmacies not to fill prescriptions for the Clinic's patients; and (4) in his communications with other pharmacies, Baumli violated patient privacy provisions of the federal Health Insurance Portability and Accountability Act ("HIPAA") by obtaining Clinic patients' protected personal-health information. *See id.* ¶¶ 2–11. Furzland's claims are for defamation,

2

wrongful interference with contractual relationships, and tortious interference with prospective economic advantage, all under Minnesota law. *Id.* ¶¶ 14–32.

Furzland and the Clinic served the Summons and Complaint on April 14, 2022, and they filed it in Hennepin County District Court the next day. Notice of Removal [ECF No. 1] ¶¶ 1–2. On April 20, Furzland and the Clinic filed a motion seeking a temporary restraining order. *Id.* ¶ 3; *see* ECF No. 1-1 at 11–28. The motion sought an order "enjoining . . . Baumli from communicating with other pharmacists and pharmacies about Plaintiffs' patients." *Id.* at 11. Plaintiffs' legal grounds for this requested injunction were that Baumli's communications violated HIPAA and Minnesota statutes governing the privacy of patients' personal health information. *See id.* at 16.

Baumli removed the case to this federal district court on May 2, 2022. *See* Notice of Removal. To justify removal, Baumli alleged that Furzland and the Clinic's "request to enjoin an alleged violation of federal law – HIPAA – raises a 'substantial federal question' under the rule established in Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005)." *Id.* ¶ 6. Baumli therefore alleged the presence of subject-matter jurisdiction under 28 U.S.C. § 1331. *Id.* ¶ 10. Baumli did not allege the presence of diversity jurisdiction under 28 U.S.C. § 1332. *See generally id.*; *see also* Civil Cover Sheet [ECF No. 1-2] (identifying Minnesota counties as Furzland and Baumli's counties of residence). The same day he removed the case, Baumli filed an Answer to Plaintiffs' Complaint, ECF No. 2, a Third-Party Complaint against Hy-Vee, Inc., *id.*, and a Memorandum of Law in Opposition to Plaintiffs' Motion for a Temporary Restraining Order, ECF No. 3.

3

A lot has happened since Baumli removed the case. Hy-Vee filed a Rule 12(b)(6) motion to dismiss Baumli's Third-Party Complaint, and a hearing on this motion is scheduled for August 8. ECF Nos. 11, 14. The Parties jointly filed a Rule 26(f) Report, ECF No. 16, and participated in a Rule 16 conference, ECF No. 19. And Baumli filed a summary-judgment motion, for which a hearing is scheduled on November 7. ECF Nos. 23, 24.

II[1]

"A defendant may remove a state claim to federal court only if the action originally could have been filed there." *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (cleaned up). "Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (cleaned up).

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "[T]he vast bulk of suits that arise under federal law" assert a claim (or claims) created by federal law. *Gunn*, 568 U.S. at 257. "[I]n certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v.*

---

[1] It doesn't matter that Plaintiffs have not filed a remand motion. A federal district court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted); *see also Johnson v. Welsh Equip., Inc.*, 518 F. Supp. 2d 1080, 1085 (D. Minn. 2007) ("Lack of subject matter jurisdiction cannot be ignored by the court or waived by the parties. A question of subject-matter jurisdiction may be raised by the court *sua sponte* at any time.") (citations omitted).

*Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (citation omitted). "There is no 'single, precise, all-embracing test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties.'" *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (quoting *Grable*, 545 U.S. at 314). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 314. Stated differently, a state-created claim may arise under federal law for purposes of § 1331 "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. "This rule applies only to a 'special and small category' of cases that present 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous . . . cases.'" *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 331 (8th Cir. 2016) (alteration in original) (quoting *Empire Healthchoice*, 547 U.S. at 699–700).

It seems doubtful that Plaintiffs *necessarily* raise the HIPAA issue. "A federal question is not 'necessarily' raised under § 1331 unless it is essential to resolving a state-law claim, meaning that '*every* legal theory supporting the claim requires the resolution of a federal issue.'" *Burrell v. Bayer Corp.*, 918 F.3d 372, 383 (4th Cir. 2019) (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc)). In other words, if a plaintiff's claim "is supported by a state-law theory that does not require recourse to federal law, then that claim does not 'arise under' federal law—even if [that plaintiff] ha[s] alleged

5

an alternative federal-law theory that also could prove liability." *Id.* Here, Plaintiffs allege state-law theories that, if accepted, would seem not to require recourse to their HIPAA theory. In support of their motion for preliminary injunctive relief, Plaintiffs argue that Baumli should be enjoined from violating, not just HIPAA, but also "the Minnesota Government Health Records Act of 1996, Minn. Stat. §§ 13.0001-.99 (2022), and the Minnesota Health Records Act, Minn. Stat. §§ 144.291-.298 (2022)[.]" ECF No. 1-1 at 16. If these state statutes provide safeguards that overlap with HIPAA's, then Plaintiffs' wrongful and tortious interference claims and their request for an injunction might be resolved in Plaintiffs' favor without HIPAA ever being addressed.

Turn next to whether the HIPAA issue Plaintiffs raise is substantial. An issue of federal law is substantial when it is important to the federal system as a whole, not merely when it is "significant to the particular parties in the immediate suit." *Gunn*, 568 U.S. at 260. For a federal interest to be substantial, it must "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312 (citation omitted). A federal issue is more likely to be substantial if "[t]he Government . . . has a direct interest in the availability of a federal forum to vindicate its own administrative action." *Id.* at 315. A substantial federal issue is more likely to be present if a "pure issue of [federal] law" is "dispositive of the case"; "fact-bound and situation-specific" disputes typically do not implicate substantial federal issues. *Empire Healthchoice*, 547 U.S. at 700–01 (citation omitted); *see also Great Lakes*, 843 F.3d at 333. A federal issue is also more likely to be substantial if its resolution will control "numerous other cases." *Empire Healthchoice*, 547 U.S. at 700 (citing *Grable*, 545 U.S.

6

at 313). By contrast, if a particular federal issue "does not arise frequently, it is unlikely to implicate substantial federal interests." *Gunn*, 568 U.S. at 262.

Here, the federal issue Plaintiffs allude to in their Complaint and identify in their motion for preliminary injunctive relief is not substantial in the relevant sense. Whether Baumli violated HIPAA may be important to the Parties (and to the Clinic's patients), but there is no indication that Plaintiffs' claims for relief or their motion implicate an interpretation or application of some part of HIPAA that will be important to the federal system as a whole. No doubt statutory and regulatory compliance is a federal interest in the abstract, but that alone cannot be enough to classify a federal issue as substantial. If it were, there would be no need to consider the "direct[ness]" of the Government's interest in the availability of a federal forum, as the Supreme Court did in *Grable*, 545 U.S. at 315, and the type and number of cases falling in this "special and small" category would expand, seemingly without limit, *Empire Healthchoice*, 547 U.S. at 699. The HIPAA question is plainly not a "pure issue of law" that will be dispositive of the case. *Id.* at 700. No pure legal issue has been identified. As far as the record reflects, there is only a fact question of whether Baumli violated HIPAA. There is no indication that the resolution of this case will control some meaningful number of other cases, especially considering the fact-intensive nature of the issue here. Finally, though it is true that HIPAA safeguards important privacy interests, cases concerning violations of these safeguards do not implicate a national interest comparable to the Government's ability to recover delinquent taxes at issue in *Grable*, 545 U.S. at 315, or the constitutional validity of the Government's bond issuance in *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 201 (1921).

7

Even if a state-created claim includes a contested and substantial federal issue, the exercise of federal jurisdiction is not absolute; the federal issue will "qualify for a federal forum only if federal jurisdiction is consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331." *Grable*, 545 U.S. at 313–14; *see also id.* at 315 (noting that "because it will be the rare state title case that raises a contested matter of federal law, federal jurisdiction to resolve genuine disagreement over federal tax title provisions will portend only a microscopic effect on the federal-state division of labor"). Analyzing this factor includes, among other things, considering the practical consequences to the federal courts' caseload likely to result from accepting jurisdiction over this case and others like it. As the Supreme Court explained in *Grable*, summarizing the rationale underlying its earlier decision in *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986):

> One only needed to consider the treatment of federal violations generally in garden variety state tort law. "The violation of federal statutes and regulations is commonly given negligence per se effect in state tort proceedings." A general rule of exercising federal jurisdiction over state claims resting on federal mislabeling and other statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," *Merrell Dow* thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law."

*Grable*, 545 U.S. at 318–19 (alterations in original) (citations and footnote omitted).

8

These considerations lead here to the conclusion that there is not subject-matter jurisdiction over Plaintiffs' claims because it would be inconsistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331. Plaintiffs' HIPAA allegations seem to fit into Plaintiffs' tort claims in a way that innumerable alleged federal-law violations fit into state-law claims: as a fact tending to satisfy an element or elements of the state claim. Consider *Merrell Dow*. There, the plaintiff alleged that a violation of federal law (misbranding in violation of the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq.*) showed a rebuttable presumption of negligence and causation, elements of the relevant state's common-law negligence claim. *Merrell Dow*, 478 U.S. at 805–06. That is what we have here. Furzland and the Clinic seem to allege that Baumli's HIPAA violations made it possible for him to contact pharmacies that had dispensed medications to other Clinic patients—in other words, to show that Baumli knew about these relationships—and to perhaps to show that Baumli's interference was wrongful or without justification. *See Prairie Field Servs., LLC v. Welsh*, 497 F. Supp. 3d 381, 400–01 (D. Minn. 2020) (quoting *Gieseke ex rel. Diversified Water Diversion, Inc. v. IDCA, Inc.*, 844 N.W.2d 210, 219 (Minn. 2014)) (identifying elements of tortious-interference claim under Minnesota law); *see also Nordling v. N. States Power Co.*, 478 N.W.2d 498, 506–07 (Minn. 1991) (citing *Stephenson v. Plastics Corp. of Am.*, 150 N.W.2d 668, 680 n.17 (1967)) ("In other words, while bad motive or malice may not be an element of the tort of tortious interference, it is often persuasive evidence on whether the defendant's conduct was proper and justified or improper and not justified."). The bottom line, then, is that this case is not unique for its federal character, and finding subject-

matter jurisdiction in this case based on the presence of the HIPAA violations Plaintiffs identify would—if followed in other cases—risk tilting the balance of tort litigation toward the federal courts in a way that is at odds with § 1331. *See Martinson v. Mahube-Otwa Cmty. Action P'ship*, 371 F. Supp. 3d 568, 576–78 (D. Minn. 2019).

The three cases Baumli cited in his Notice of Removal do not support the conclusion that there is federal-question jurisdiction in this case. In *Wullschleger v. Royal Canin U.S.A., Inc.*, the plaintiffs sought "to represent a class of Missouri plaintiffs who purchased prescription pet foods at premium prices from" the defendants. 953 F.3d 519, 520 (8th Cir. 2020). Though the plaintiffs alleged only state claims, the Eighth Circuit observed that the "[p]laintiffs' dependence on federal law permeates the allegations such that the antitrust and unjust enrichment claims cannot be adjudicated without reliance on and explication of federal law." *Id.* at 522. At the same time, the court recognized that "*Merrell Dow* forecloses the removal of state law claims that merely include a violation of federal law as an element of the offense, without other reliance on federal law." *Id.* at 521. This case is materially different from *Wullschleger*. In addition to the evident differences in scope and complexity, the HIPAA issues here may not be necessary to decide. *See supra* at 5–6. And the claims here fall squarely within the category (whose removal *Merrell Dow* foreclosed) "that merely include a violation of federal law as an element of the offense." *Wullschleger*, 953 F.3d at 521. In the second case Baumli cited in his Notice of Removal, *Rockwood Retaining Walls, Inc. v. Patterson, Thuente, Skaar & Christensen, P.A.*, the court determined there was federal-question jurisdiction over a legal-malpractice claim because the alleged malpractice occurred in a patent-infringement case. No. 09-cv-2493

(DWF/FLN), 2009 WL 5185770, at *1–4 (D. Minn. Dec. 22, 2009). That was the precise issue in *Gunn*, however, where the Supreme Court determined there was not federal-question jurisdiction over a state-law claim alleging legal malpractice in the handling of a patent case. *Id.*, 568 U.S. at 258–59. For that reason, *Rockwood Retaining Walls* cannot support removal and the exercise of federal-question jurisdiction here. Finally, in the third case Baumli cited, *Police Ass'n of New Orleans v. City of New Orleans*, the court determined that the dispositive issue—whether police-department-promotion reforms required by a federal-court consent decree violated Louisiana law—deserved a federal forum in light of the federal court's role in issuing the consent decree and the federal government's role in suing (under federal law in an earlier case) to bring about the reforms and consent decree. 572 F. Supp. 3d 265, 267–69, 278 (E.D. La. Nov. 19, 2021). We don't have anything like that here.[2]

Remand to state court is proper if the district court lacks subject-matter jurisdiction over the asserted claims. 28 U.S.C. § 1447(c). Therefore, this case will be remanded to Hennepin County District Court, and the pending motions will be denied without prejudice.

---

[2] In opposition to Plaintiffs' motion for preliminary injunctive relief, Baumli raises a First Amendment defense, arguing essentially that Plaintiffs' requested injunction would amount to an impermissible "prior restraint." ECF No. 3 at 8–10. Baumli's assertion of this federal defense does not trigger federal-question jurisdiction under § 1331. Under the well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 59–60 (2009) (cleaned up). Federal-question jurisdiction cannot be triggered by the assertion of a federal defense. *Id.* at 60–61.

11

**ORDER**

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED** that:

1. Third Party Defendant Hy-Vee, Inc.'s Motion to Dismiss [ECF No. 11] is **DENIED** without prejudice.

2. Defendant and Third-Party Plaintiff Tabor Baumli's Motion for Summary Judgment [ECF No. 23] is **DENIED** without prejudice.

3. The case shall be remanded to Minnesota District Court, Fourth Judicial District (Hennepin County) pursuant to 28 U.S.C. § 1447(c).

Dated: July 25, 2022

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court